UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

CHARLES DARNEY,                    :        13 Civ. __ (LTS)

                Petitioner,       :        [Related to: 11 Cr. 971 (LTS)]

        -v.-                              :

UNITED STATES OF AMERICA,          :

                Respondent.       :

------------------------------------------------------X


# MEMORANDUM OF LAW IN SUPPORT OF PETITIONER CHARLES DARNEY'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE


                                      DAVID E. PATTON
                                      Federal Defenders of New York, Inc.
                                      Attorney for Petitioner
                                       Charles Darney
                                      52 Duane Street - 10th Floor
                                      New York, New York 10007


EDWARD S. ZAS
SABRINA P. SHROFF
*Of Counsel*

# TABLE OF CONTENTS

|     | Page |
| --- | ---: |
| Table of Authorities | ii |
| Preliminary Statement | 1 |
| Facts | 2 |
| Argument | 3 |
| This Court should correct Mr. Darney's sentence because it was based on material false information, in violation of due process. | 3 |
| Conclusion | 6 |

# TABLE OF AUTHORITIES

**CASES**

*King v. Hoke,*
  825 F.2d 720 (2d Cir. 1987) ............................................. 3

*Townsend v. Burke,*
  334 U.S. 736 (1948) ................................................... 3

*United States v. Malcolm,*
  432 F.2d 809 (2d Cir. 1970) ............................................ 3

*United States v. McDavid,*
  41 F.3d 841 (2d Cir. 1994) ............................................. 3

**STATUTES**

18 U.S.C. § 3585(b) ...................................................... 4

28 U.S.C. § 2255 ................................................... 1, 3, 4, 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

CHARLES DARNEY,                    :      13 Civ. ___ (LTS)

          Petitioner,            :
                                              [Related to: 11 Cr. 971 (LTS)]
    -v.-                              :

UNITED STATES OF AMERICA,          :

          Respondent.            :

------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF PETITIONER
## CHARLES DARNEY'S MOTION UNDER 28 U.S.C. § 2255
## TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE

### Preliminary Statement

The Court should resentence Mr. Darney because his current 24-month prison sentence was based on false material information, and thus violates due process. Specifically, the PSR. advised the Court at sentencing (which took place on April 16, 2013) that Mr. Darney had not been sentenced by the State of New York for having violated the terms of his parole. Based on that information, the Court reasonably assumed that he would receive credit towards his federal sentence for all the time he spent in custody since his arrest on September 3, 2011.

It is now clear that the information contained in the PSR. was false. Mr. Darney's parole was violated on or about October 27, 2011, at which time he was sentenced to an eight-month term of imprisonment. This term was completed (with credit from September 3, 2011) on May 3, 2012. As a consequence, Mr. Darney will not receive any credit towards his federal sentence for any of the time he spent in custody from September 3, 2011, to May 3, 2012. In effect, unless this

Court acts, he will serve eight months longer in custody than the Court apparently intended – 32 months rather than 24 months. The Court should correct this unfairness by reducing Mr. Darney's sentence by eight months.

### Facts

The pertinent facts are set forth in the accompanying Declaration of Edward S. Zas, executed on October 24, 2013 ("Zas Decl."). In brief summary, the Court sentenced Mr. Darney based in part on a mistake of material fact. When sentence was imposed, on April 16, 2013, the Court was advised that Mr. Darney had not been subject to a state prison sentence following his September 3, 2011 arrest that led to this federal prosecution. Indeed, the PSR. affirmatively stated that, according to Mr. Darney's New York State parole officer, the Division of Parole "does not plan to file a violation report as a result of Darney's September 3, 2011, arrest because his parole conditions had not been served until May 3, 2012." PSR. ¶ 34.

This information was inaccurate. In reality, when he was sentenced by this Court, Mr. Darney had already been sentenced by state officials to an eight-month term of imprisonment for having violated his parole. In fact, Mr. Darney had already completed that eight-month sentence on May 3, 2012.

Because this eight-month term of imprisonment was credited towards Mr. Darney's state parole-violation sentence, it is not being credited toward his federal sentence. *See* Zas Decl. ¶ 8. In effect, as a result of the inaccurate information contained in the PSR., Mr. Darney will spend eight more months in federal custody than this Court apparently intended to impose. Fortunately, the Court has the power to correct this unfairness and to effectuate its sentencing intent, as we now show.

2

## Argument

### This Court should correct Mr. Darney's sentence because it was based on material false information, in violation of due process.

A sentence based upon a mistake of material fact violates due process. *See, e.g., Townsend v. Burke*, 334 U.S. 736, 740-41 (1948) (a sentence based on "materially untrue" assumptions, "whether caused by carelessness or design, is inconsistent with due process of law, and ... cannot stand."); *King v. Hoke*, 825 F.2d 720, 724 (2d Cir. 1987) ("It is well established that '[m]isinformation or misunderstanding that is materially untrue regarding a prior criminal record, or material false assumptions as to any facts relevant to sentencing, renders the entire sentencing procedure invalid as a violation of due process.'") (quoting *United States v. Malcolm*, 432 F.2d 809, 816 (2d Cir. 1970) (citing *Townsend*, 334 U.S. at 740-41)). Indeed, "[a] sentence based *in part* on material misinformation may not stand." *United States v. McDavid*, 41 F.3d 841, 844 (2d Cir. 1994) (citing *Townsend*, 334 U.S. at 741; *King*, 825 F.2d at 724). Thus, this Court has jurisdiction to correct such an unlawful sentence. *See* 28 U.S.C. § 2255 (permitting court to correct a sentence imposed "in violation of the Constitution").

In this case, the Court was mistakenly advised by the PSR. that New York State had not instituted charges against Mr. Darney following his September 3, 2011 arrest. Paragraphs 33 and 34 of the PSR., cited by the Court at sentencing, stated that New York State not only had not charged Mr. Darney with a violation of parole, but did not intend to do so. *See* Zas Decl., Exh. "A," at 4. Based on this information, the Court was led to believe that Mr. Darney would receive credit towards his federal sentence for all the time he spent in custody since September 3, 2011, and so stated on the record. *See id.* at 26 ("I will recommend to the Bureau of Prisons that you be

credited with time on this sentence from your September 3, 2011, arrest for the reasons that we have discussed at length today. *I believe that will be the case anyway*, but I will underscore that by putting that in the judgment form.") (emphasis added).

It turns out that the information in paragraph 34 of the PSR. was false. Contrary to the information recited in paragraph 34, Mr. Darney, in fact, had already been sentenced in October 2011 to an eight-month term of imprisonment for having violated the terms of his state parole. Because this eight-month period is being credited toward Mr. Darneys's state parole-violation sentence, the BOP is not crediting it toward his federal sentence. *See* Zas Decl. ¶ 8; 18 U.S.C. § 3585(b).

Thus, as a direct consequence of the inaccurate information contained in the PSR, upon which this Court and the parties specifically relied, Mr. Darney is serving eight months longer in custody than the Court intended. Instead of receiving credit towards his federal sentence for all the time he has spent in custody since September 3, 2011, as the Court believed would occur, he will receive credit only since May 3, 2012. In effect, he will serve a total of 32 months in custody since September 3, 2011, rather than the 24 months the Court intended. Indeed, Mr. Darney is already being held well beyond the date he should have been released; even without credit for "good time" in prison, he should have been released from his 24-month sentence on or about September 3, 2013.

Under these circumstances, the Court should exercise its authority under 28 U.S.C. § 2255 to correct Mr. Darney's sentence by resentencing him to 16 months in prison (or to time served). The government agrees that resentencing is appropriate, while leaving the appropriate new sentence to this Court's discretion. *See* Zas Decl. ¶ 1.

Judge Ramos of this district recently granted resentencing on similar facts. In *United*

4

*States v. Barrington Green*, No. 10 Cr. 1115 (ER), the Court initially sentenced the defendant to a year and a day in prison, based in part on a mistake of material fact that led the Court to believe that the defendant was receiving credit toward his federal sentence for time he had spent in federal custody prior to sentencing. When the factual error was discovered after sentencing, and the Court found out that a previously undisclosed prior state sentence in Florida was causing the defendant to be denied federal credit, Judge Ramos granted the defendant's oral motion to correct his sentence under 28 U.S.C. § 2255, and resentenced him to time served, without opposition from the government.

Resentencing should occur here as well. Had this Court understood at the time of sentencing that Mr. Darney had been sentenced to an eight-month term of imprisonment in New York State, and therefore would receive federal credit only since May 3, 2012, rather than since September 3, 2011, it likely would have imposed a 16-month sentence, rather than a 24-month sentence. The Court should impose that 16-month sentence now to effectuate its original sentencing intent and to prevent Mr. Darney from having to serve an effective 32-month sentence, which no one believed was warranted.

## Conclusion

For these reasons, the Court should vacate Mr. Darney's sentence, resentence him to 16 months in custody (or to time served), and grant any other appropriate relief.

Dated: New York, New York
       October 24, 2013

Respectfully submitted,

DAVID E. PATTON
Federal Defenders of New York, Inc.

By: _____
EDWARD S. ZAS
Attorney for Petitioner
  Charles Darney
52 Duane Street - 10th Floor
New York, New York 10007

EDWARD S. ZAS
SABRINA P. SHROFF
*Of Counsel*